**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

James Daniel Hobgood

    v.                                              Case No. 20-cv-157-SM

Tribune Media Co.,
d/b/a/ 5News KFSM/KXNW

**REPORT AND RECOMMENDATION**

    Plaintiff James Daniel Hobgood has sued the defendant, Tribune Media Co., d/b/a 5News KFSM/KXNW ("Tribune") for defamation. Hobgood's complaint (Doc. No. 1) has been referred to the undersigned magistrate judge for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2). For the reasons that follow, the district judge should dismiss plaintiff's complaint because plaintiff has failed to state a cause of action.

**I.  Preliminary Review Standard**

    The magistrate judge conducts a preliminary review of complaints, like the plaintiff's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §

1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Here, the complaint fails to state a claim upon which relief may be granted.

## II.   Background[1]

In 2016, plaintiff pled guilty in federal court to cyberstalking, see 18 U.S.C. § 2261A(2), preserving his right to appeal the district court's denial of his motion to dismiss the indictment.  Complaint (Doc. No. 1) at 3; Hobgood II, 868 F.3d at 746.  He was sentenced to one year and one day in prison and ordered to pay the victim $2387.91 in restitution.  Id.

---

[1] The relevant facts set forth herein, taken as true for the purposes of preliminary review, are derived from the Complaint, the Eight Circuit Court of Appeals's affirmance of Hobgood's conviction, United States v. Hobgood, 868 F.3d 744 (8th Cir. 2017) ("Hobgood II"), and from the trial court's docket of Hobgood's criminal proceedings, U.S. v. Hobgood, Cr. No. 5:15CR50083-001 (W.D. Ark., indictment filed Oct. 28, 2015) ("Hobgood I"), of which the court takes judicial notice.  See Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 55 (1st Cir. 2006) (court in determining if complaint meets notice pleading standard may consider facts properly subject to judicial notice); see also Maher v. Hyde, 272 F.3d 83, 86 (1st Cir. 2001) (federal courts may take judicial notice of proceedings in other courts if relevant to matters at hand).

Following Hobgood's conviction, prosecutors transmitted statements about the case that received media coverage. Complaint (Doc. No. 1) at 6.  In January 2017, after Hobgood was apprehended for allegedly violating the conditions of his release pending appeal from Hobgood I,[2] defendant Tribune, an Illinois-based media company operating a television station in Fort Smith, Arkansas, published the following on its website and Facebook page, which Hobgood claims is false and defamatory:

> James Hobgood is a Virginia man who pleaded guilty to intimidating and harassing a Northwest Arkansas woman . . . . Hobgood began to stalk the victim through email, Facebook messages, and text messages demanding [that] she apologize . . . . [T]he harassment started after the victim called off the relationship and moved . . . . Hobgood also harassed the victim's family . . . .

Id. at 8-9.[3]

**III. Legal Analysis**

Under New Hampshire law, "[t]o establish defamation, there must be evidence that a defendant . . . publish[ed] . . . a false and defamatory statement of fact about the plaintiff to a third party."  Independent Mech. Contractors, Inc. v. Gordon T.

---

[2]In May 2017 Hobgood pleaded guilty to criminal contempt for further harassing the victim. See Plea Agreement (Doc. No. 11), U.S. v. Hobgood, No. 5:17-cr-50024 (W.D. Ark. May 9, 2017).

[3]Although plaintiff devotes much of his complaint to contesting the underlying facts of his conviction, his defamation claim is based only on the above quoted language.

3

Burke & Sons, Inc., 635 A.2d 487, 492 (N.H. 1993) (citing Restatement (Second) of Torts § 558 (1977)).[4]

Plaintiff alleges that "not one factual assertion [in the Tribune report] was accurate." Complaint (Doc. No. 1) at 9. This assertion of falsity, however, is entirely undercut by the facts underlying plaintiff's 2016 guilty plea in Hobgood I. The Court of Appeals in Hobgood II described the facts to which Hobgood stipulated as part of his plea:

> Hobgood and the government stipulated to the following facts. In September 2014, KB met Hobgood and had a brief romantic relationship with him in Richmond, Virginia. KB began rebuffing Hobgood's advances, and in January 2015, she moved to Arkansas. KB alleges that Hobgood, still living in Richmond, began contacting her via e-mail, Facebook messages, and third-party text messages to demand that she apologize to him in person for her treatment of him. KB did not do so.
>
> KB alleges that Hobgood then created publicly accessible social media accounts in which he portrayed KB as an exotic dancer and prostitute. Hobgood also sent letters to KB's employer through the mail and over the Internet claiming that KB was an exotic dancer and prostitute. Hobgood contacted KB and KB's family by e-mail, stating that unless she apologized to him, he would continue to make these representations. According to KB, Hobgood's actions caused her substantial emotional distress and contributed to her need for short-term hospitalization.

---

[4] The court need not decide at this stage of the case whether New Hampshire law applies to this case. It is beyond serious dispute that a plaintiff in a defamation suit must, at a minimum, allege that a defendant's allegedly defamatory statement was false, regardless of the forum.

4

> Law enforcement investigators eventually contacted Hobgood about his conduct. Hobgood admitted sending KB, her family, and her employer communications by e-mail, telephone, and mail, in which he stated that KB was an exotic dancer. Hobgood told investigators that he would not stop contacting KB until he caused her to lose her job, or caused her to "repent" for the unspecified wrong that she committed against him. Investigators also were able to corroborate that Hobgood was responsible for the publicly accessible social media accounts that portrayed KB as an exotic dancer and prostitute.

Hobgood II, 868 F.3d at 746 (emphasis added). The court's description echoes the language in Hobgood's signed plea agreement, in which he concedes that "the Government could prove [those] facts beyond a reasonable doubt." Hobgood I, Cr. No. 5:15CR50083-001, Plea Agreement (ECF Doc. No. 27) (W.D. Ark. April 13, 2016) ("Plea Agreement"). Given the specific content of his signed plea agreement, Hobgood's defamation claim is barred by the doctrine of judicial estoppel.

"Judicial estoppel is an equitable doctrine that prevents a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding." RFF Family P'ship, LP v. Ross, 814 F.3d 520, 527 (1st Cir. 2016). Three conditions must be satisfied to impose judicial estoppel: (1) the earlier and later litigation positions of the party to be estopped must be clearly inconsistent; (2) that party must have persuaded the court to

5

adopt and rely on the earlier position; and (3) that party must stand to gain an unfair advantage if the new position is adopted by the court. Id. at 528. "Courts typically invoke judicial estoppel when a litigant tries to play fast and loose with the courts." Id. at 527-28.

Here, all of the criteria our Court of Appeals set forth in RFF Family P'ship are satisfied. First, the statement that plaintiff now claims is false is directly contradicted by the facts he admitted the government could prove beyond a reasonable doubt in his criminal case. Next, the court in his criminal case undoubtedly relied on plaintiff's prior position in accepting the plea agreement which, by its terms, was not binding on the court. Plea Agreement ¶ 24. Finally, plaintiff, by essentially repudiating his signed plea agreement, would gain an unfair advantage if he was permitted to prosecute a defamation lawsuit against a defendant whose challenged statement is, according to the public record, accurate. See Robinson v. Globe Newspaper Corp., 26 F. Supp. 2d 195, 200 (D. Me. 1998) (applying judicial estoppel to plaintiff who pleaded guilty in prior case and later sued newspaper for defamation).

## IV. Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case dismiss

it for failure to state a claim upon which relief can be granted.  Moreover, given the undisputed public record, there is no realistic possibility that amending the complaint would alter this outcome.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 3, 2020

cc: James Daniel Hobgood